IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-2083-L** |
| | § | |
| **CHARLES E. REYNOLDS**, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| **STEWART TITLE CO.**, | § | |
| | § | |
| Garnishee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Charles E. Reynold's request for a hearing pursuant to 28 U.S.C. § 3202(d), filed March 15, 2010. The court issued a Writ of Garnishment as to Garnishee Stewart Title Co. on November 5, 2009. The clerk of the court sent a Notice of Post-Judgment Garnishment to Defendant Charles E. Reynolds on November 5, 2009. The court issued an amended Writ of Garnishment on December 18, 2009, and the clerk sent a notice regarding the amended writ on December 18, 2009. Garnishee Stewart Title Co. ("Stewart") filed its answer on February 2, 2010. Defendant filed objections on February 26, 2010, and also filed a Claim for Exemption form, on which he marked each possible exemption.

Defendant did not request a hearing in his February 26, 2010 filing. On March 3, 2010, the court ordered Defendant, if seeking a hearing, to file a request for a hearing no later than March 15, 2010. Defendant filed such a request on March 15, 2010. The court's order, however, mistakenly

**Memorandum Opinion and Order - Page 1**

issued this order. The relevant statute provides: "By requesting, within 20 days after receiving the notice in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy." 28 U.S.C. § 3202(d). Defendant's request for a hearing was not timely; it was filed nearly ninety days after the clerk's notice to him. Even if the court were to consider his request for exemptions a request for hearing, it was filed seventy days after the clerk issued its notice. The court is aware of no authority permitting it to extend the statutory deadline for requesting a hearing. The clerk's Notice of Post-Judgment Garnishment to Defendant clearly states: "If you want a hearing, you must notify the Court within twenty (20) days after receipt of this Notice. Your request must be in writing."

The court therefore concludes that, notwithstanding its order, Defendant's request for a hearing is not timely and he has waived his right to a hearing. The court therefore **denies** Defendant's request for a hearing.[*]

The court now considers the exemptions claimed by Defendant. The court issued a writ of garnishment to Stewart, seeking to garnish the community property of Defendant's wife Shirley H. Reynolds in its possession. In its response, Stewart states that Mrs. Reynolds is employed by it and states the amount of her semi-monthly gross earnings and withholdings.

Defendant states in his objection that his wife is not a judgment debtor, that her wages should not be attached, and that an installment order is in place for payment. On the Claim for Exemption

---

[*]Defendant's request for a hearing is made pursuant to 28 U.S.C. § 3202(d), which provides for a hearing to move to quash a writ of garnishment if the request is filed within twenty days of receiving the notice of a writ of garnishment. Even if the court were to construe Defendant's request as one seeking a hearing to raise objections to the answer to the writ of garnishment pursuant to 28 U.S.C. § 3205(b)(5), his request for a hearing is still untimely. That statute requires that a request for a hearing be made within twenty days of receiving the answer to a writ of garnishment. The answer in this case was filed by Stewart on February 2, 2010, and Defendant's request for a hearing was not filed until March 15, 2010, more than forty days after the answer was filed.

**Memorandum Opinion and Order - Page 2**

Case 3:09-cv-02083-L Document 20 Filed 03/19/10 Page 3 of 4 PageID 56

form, Defendant marked each exemption: wearing apparel and school books; fuel, provisions, furniture, and personal effects up to $6,250; books and tools of a trade, business, or profession up to $3,125, unemployment benefits; undelivered mail; certain annuity and pension payments; Honor Roll and annuities based on retired or retainer pay under 10 U.S.C. § 73; workmen's compensation; judgments for support of minor children; certain service-connected disability payments; and assistance under Job Training Partnership Act. Defendant provided no evidentiary support for his claim for exemptions.

The court first determines that although Mrs. Reynolds is not a judgment debtor, the government is entitled to garnish her wages as community property. Pursuant to 18 U.S.C. § 3613(c), "an order of restitution . . . is a lien in favor of the United States on all property and right to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." In *Medaris v. United States*, 884 F.2d 832, 833-34 (5th Cir. 1989), the court held that in interpreting the Internal Revenue Code, "state law exemptions are not effective against the Untied States." 884 F.3d at 834 (citing *United States v. Mitchell*, 403 U.S. 190, 205 (1971)). Further, it noted that it has held that "where a married woman has a vested interest in, and is the owner of, a half share of the community income over which her husband has sole management and control, that one half interest may be seized to satisfy her tax liability despite state law to the contrary." *Id*. Accordingly, the court concludes that Defendant's wife's wages, which are community property, may be garnished.

The court next determines that there is no evidence or argument to support Defendant's claimed exemptions. The exemptions set forth in 26 U.S.C. § 6334(a) are defined therein, and none of the exemptions covers wages generally. Defendant has failed to establish that his wife's wages

fall within any of the categories set forth in the statute. Accordingly, the court **denies** Defendant's objections and claims for exemptions.

Garnishee Stewart did not file any objections in its answer to the Writ of Garnishment. Accordingly, the court determines that entry of a final writ of garnishment is appropriate in this case. The court **orders** the government to file a proposed final writ of garnishment no later than **March 29, 2010**.

**It is so ordered** this 19th day of March, 2010.

                                            _____
                                            Sam A. Lindsay
                                            United States District Judge